UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CORNELIS JAN SLOMP,<br>      A/K/A "SUPERTRIPS" | No. 13 CR 689<br><br>Judge Matthew F. Kennelly |

**GOVERNMENT'S**
**POSITION PAPER AS TO SENTENCING FACTORS**

The UNITED STATES OF AMERICA, by ZACHARY T. FARDON, United States Attorney for the Northern District of Illinois, submits its Position Paper as to Sentencing Factors. Pursuant to Guideline § 5Kl.l, the government intends to ask this Court to depart downward from the low end of the applicable Guideline range and intends to recommend a sentence that includes a term of imprisonment of 15 years. Given that the defendant's properly calculated Guidelines range is life imprisonment – subject to a mandatory minimum sentence of five years' imprisonment and a statutory maximum sentence of 40 years' imprisonment, *see* 21 U.S.C. § 960(b)(2)(B)(ii) – the government submits that a 15-year sentence is sufficient, but not greater than necessary, to accomplish the objectives of 18 U.S.C. § 3553(a). In support thereof, the government states as follows:

**Section 3553:** Under 18 U.S.C. § 3553(a), this Court must impose a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing, which are: (1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (2) to create adequate deterrence to crimes by others; (3) to protect the public from future crimes by the defendant; and (4) to provide the defendant with necessary treatment and training. *See* 18 U.S.C. § 3553(a)(2). To those ends, the Court must take into account the

following factors:

    (1)    nature and circumstances of the offense;

    (2)    history and characteristics of the defendant;

    (3)    kinds of sentences available;

    (4)    sentencing range calculated under the Sentencing Guidelines;

    (5)    pertinent policy statements set forth in the Sentencing Guidelines;

    (6)    need to avoid unwarranted sentencing disparities among defendants with similar records or who committed similar crimes; and

    (7)    need to provide restitution to victims of the defendant's offense.

*See* 18 U.S.C. § 3553(a)(1-7). Based on the above factors, the government submits that a 15-year sentence is sufficient, but not greater than necessary, to comply with the purposes of sentencing. Such a sentence reflects the seriousness of the defendant's offense, but also accounts for the defendant's meaningful cooperation and acceptance of responsibility, while also providing for specific and general deterrence.

    **The Defendant's Conduct Was Serious:** Here, for years, the Chicago United States Attorney's Office and Chicago federal agents spearheaded a multi-agency, multi-district, undercover, cybercrime investigation into "Silk Road" that spanned the globe. Law enforcement's efforts in that critical undertaking were substantial. But those efforts were in response to a massive and extraordinary challenge. Specifically, Silk Road was an exceedingly sophisticated and extensive criminal black-market bazaar on the Darknet of the internet. On Silk Road, unlawful goods and services, including illegal drugs of virtually all varieties, weapons, child pornography, and even murders-for-hire, were bought and sold. Silk Road was designed to exploit the dark web and the digital currency "Bitcoin" and was intended to allow

users to conduct illegal business anonymously and beyond the reach of law enforcement.

But notwithstanding Silk Road's design and purpose, the government still successfully penetrated the underground website. In doing so, it identified and prosecuted the defendant and also helped bring charges and convictions against other defendants in other districts, including, among others, the defendant's wholesale redistributor of drugs in the United States, Angel Quinones, *see United States v. Quinones*, 8:14-CR-189-T-35AEP (M.D. Fla. 2014) (Scriven, J.) (sentenced to 70 months' imprisonment for his role in a conspiracy to import at least 9.193 kilograms of MDMA into the Middle District of Florida for further distribution in the United States) as well as Ross Ulbricht, *see United States v. Ulbricht*, 14-CR-068 (S.D.N.Y. 2014) (Forrest, J.) (sentencing rescheduled to May 29, 2015), the Silk Road's owner and operator. And, from those same law enforcement efforts, the government learned that the defendant engaged in serious and high-tech criminal activity on Silk Road, as reflected in the fact that the defendant's unadjusted base offense level is a staggering 48 levels. *See* PSR at 10. Indeed, as set forth in the Plea Agreement, the defendant was the "boss" of the SuperTrips identity and controlled virtually all aspects of the identity, including the exercise of decision-making authority, recruiting accomplices, claiming a right to a larger share of the drug proceeds, planning and organizing his drug-trafficking business, and exercising control and authority over others. *See* Plea Agreement at 4.

Not only that, but on this clandestine global marketplace, the defendant distributed eye-popping quantities of illegal drugs throughout the world, including in the United States and the Northern District of Illinois. Specifically, for an eighteen-month period from March 2012 through in or about August 2013, the defendant distributed worldwide approximately: 104

3

kilograms of powder 3,4-methylenedioxy-N-methylamphetamine (MDMA); 566,000 ecstasy pills containing MDMA; four kilograms of cocaine; three kilograms of Benzodiazepine; and substantial quantities of amphetamine, lysergic acid diethylamide (LSD), and marijuana, in addition to allowing for substantial quantities of methamphetamine, ketamine, and Xanax to be distributed on his SuperTrips vendor account. *Id.* at 3-4. As set forth in the Plea Agreement and as confirmed by an examination of the data retrieved from the Silk Road server, based on these numbers, the defendant was the world's largest drug trafficker by volume of business and customer base. *See id.* at 3. And, as these numbers bear out, the defendant conducted sales of illegal drugs in the millions of dollars and derived his livelihood from Silk Road-related drug-trafficking criminal activities. *Id.*

In total, the defendant conducted more than 10,000 illegal online Silk Road drug transactions and received approximately 385,000 in bitcoins as payment for his illegal drug sales. *Id.* at 4. At the time of his arrest, the defendant possessed not less than $3,030,000 in illegal drug proceeds and assets, some of the latter of which have been converted into cash, from the sale of illegal drugs on Silk Road through his SuperTrips account. *Id.* at 7.

**The Defendant's Conduct Caused Harm to the Public:** The public is harmed when illegal drugs are sold in the United States as well as in this district. This harm to the public is magnified when drug traffickers such as the defendant use sophisticated modern technology to reach larger segments of the population as well as to further conceal their identities and criminal activity. Here, the defendant used one of the most sophisticated dark websites of its time to sell enormous quantities of illegal drugs to wholesale redistributors, retailers, and users of drugs across the country – indeed, throughout the world – in more than 10,000 transactions. As such, and

4

notwithstanding the defendant's meaningful cooperation, *see* PSR at 7-8; *see id.* at Government Version at 9-10, the defendant's conduct requires meaningful punishment.

In the face of an advisory life sentence, subject to a mandatory minimum sentence of five years' imprisonment and statutory maximum sentence of 40 years' imprisonment, *see* 21 U.S.C. § 960(b)(2)(B)(ii), the government submits that 15 years' imprisonment is meaningful punishment.

*   *   *

For all the foregoing reasons, the government respectfully requests the defendant be sentenced to 15 years' imprisonment.

                        ZACHARY T. FARDON
                        United States Attorney

By:   /s Andrew S. Boutros
       ANDREW S. BOUTROS
       Assistant United States Attorney
       219 South Dearborn Street, Room 500
       Chicago, Illinois 60604
       (312) 353-5300

Dated:   May 14, 2015

**CERTIFICATE OF SERVICE**

       The undersigned Assistant United States Attorney hereby certifies that the following document:

**GOVERNMENT'S
POSITION PAPER AS TO SENTENCING FACTORS**

was served on May 14, 2015, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

                                                /s Andrew S. Boutros
                                                ANDREW S. BOUTROS
                                                Assistant United States Attorney
                                                219 South Dearborn Street, Room 500
                                                Chicago, Illinois   60604
                                                (312) 353-5300